**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | ) | Case No. 6:15-cv-01707-CEM-KRS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| TV NET SOLUTIONS, LLC, and | ) | |
| MOHAMMAD MUSTAFA, | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

**Exhibit 1 to Plaintiff's Motion for Default Judgment and Permanent Injunction against Defendants TV Net Solutions, LLC and Mohammad Mustafa filed at Document 22**

*REDACTED Settlement Agreement between Defendants TV Net Solutions, LLC and Mohammad Mustafa and Plaintiff DISH Network L.L.C.*

Settlement Agreement

This Settlement Agreement (the "Agreement") is made effective this 28 day of May, 2014 (the "Effective Date") by and among: (1) Plaintiff DISH Network L.L.C. ("DISH") and (2) Defendants TV Net Solutions, LLC and Mohammad Mustafa, individually (together, "TV Net"). DISH and TV Net are each referred to herein separately as a "Party" and together as the "Parties." Co-defendants Global Satellite IP TV Scandinavian AB and Basem Halabi are not parties to this Agreement.

**WHEREAS,** on October 31, 2012, DISH filed a complaint in the case titled *DISH Network L.L.C. v. TV Net Solutions, LLC et al.*, Case No. 6:12-cv-1629-Orl-28TBS (M.D. Fla.), and later amended that complaint on December 6, 2013, alleging that TV Net is engaged in copyright infringement and unfair competition (the "Litigation").

**WHEREAS,** the Parties now desire and intend to conclude and resolve, without legal proceedings except as provided herein, the disputes that currently exist between them and to reach a settlement as described herein;

**NOW, THEREFORE,** in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  Permanent Injunction. The Parties will file the pleadings attached as Exhibit 1 in the Litigation, which consist of a Stipulation for Entry of Agreed Permanent Injunction and Order of Partial Dismissal, and a proposed Agreed Permanent Injunction and Order of Partial Dismissal (hereinafter, the "Agreed Permanent Injunction"). The Parties will execute the Stipulation for Entry of Agreed Permanent Injunction and Order of Partial Dismissal in conjunction with signing this Agreement.

2.  Payment. TV Net will pay the sum of $5,000,000 to DISH, which TV Net agrees is a reasonable amount to resolve the claims asserted by DISH in the Litigation and which TV Net will pay as follows:

    (a). $25,000 by cashier's check or money order, made payable to DISH Network L.L.C. and deposited with FedEx within two (2) days of the Effective Date for overnight delivery to Hagan Noll & Boyle LLC, Two Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024;

    (b). $25,000 within 180 days of the Effective Date, which TV Net will pay at a rate of no less than $8,333.33 every 60 days following the Effective Date until DISH receives the full $25,000 from TV Net (the "Bi-Monthly Payment"). Each Bi-Monthly Payment will be in the form of a cashier's check or money order, made payable to DISH Network L.L.C. and delivered to Hagan Noll & Boyle LLC, Two Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024. In the event a Bi-Monthly Payment is not received when due, DISH will notify TV Net that the Bi-Monthly Payment was not received, such notice to be provided in accordance with paragraph 19, and TV Net will

1

then have ten (10) days from the time that notice is received to make the required payment and cure its breach of this Agreement.

(c). 

3. <u>Notice & Takedown</u>.

(a). Within seven (7) days of receiving a request in writing from DISH or any other owner or authorized licensee of rights in a television channel or content ("Claimant"), TV Net will cease advertising, broadcasting, distributing, performing, and providing any equipment or service that enables access to a channel or content to which Claimant holds broadcast, distribution, reproduction, or public performance rights. The request will be signed by Claimant or its authorized representative and set forth the basis for ownership of the rights asserted by Claimant, which for copyrights will be no more than is required by the Digital Millennium Copyright Act, 17 U.S.C. § 512. If TV Net is unable to effectuate removal of the channel or content within seven (7) days of receiving a request from Claimant, TV Net has a mandatory obligation under this Agreement and hereby agrees that it will immediately cease advertising, broadcasting, distributing, performing, and providing any equipment or service used in receiving said channel or content, and separately TV Net will disable such equipment and services to the extent it is able to do so.

(b). DISH agrees to invoke the notice and takedown procedures of this paragraph 3 before filing any pleading or suit seeking to hold TV Net in violation of the Agreed Permanent Injunction, <u>except</u> that DISH may pursue immediate legal remedies against TV Net, including enforcement of the Agreed Permanent Injunction and paragraph 2(c) above, if:

(i). TV Net advertises, distributes, broadcasts, performs, or provides any equipment or service that enables access to the Aghapy TV, Al Arabiya, Al Hayat 1 also known as Al Hayah 1, Al Hayat Cinema also known as Al Hayah Cinema, Al Yawm, Al Zikr, ART America, ART Movies, Dream 2, ESC, Future TV, Hekayat, IQRAA, MBC, MBC Drama, MBC Kids also known as MBC3, MBC Masr, Murr TV also known as MTV, New TV also known as Al Jadeed, Nile Drama, Noursat, ONTV, OTV, or Rotana America channel during any period for which DISH owns or holds the exclusive right to distribute, broadcast, perform, or provide any of said channels; or

(ii). TV Net advertises, distributes, broadcasts, performs, or provides any equipment or service that enables access to any content that has been extracted from the Aghapy TV, Al Arabiya, Al Hayat 1 also known as Al Hayah 1, Al Hayat Cinema

2

also known as Al Hayah Cinema, Al Yawm, Al Zikr, ART America, ART Movies, Dream 2, ESC, Future TV, Hekayat, IQRAA, MBC, MBC Drama, MBC Kids also known as MBC3, MBC Masr, Murr TV also known as MTV, New TV also known as Al Jadeed, Nile Drama, Noursat, ONTV, OTV, or Rotana America channel during any period for which DISH owns or holds the exclusive right to distribute, broadcast, perform, or provide any of said content.

4. <u>Exiting Business</u>. If TV Net breaches this Agreement or breaches any provision in the Agreed Permanent Injunction, and such breach is not cured by TV Net within ten (10) days of receiving notice from DISH, such notice to be provided in accordance with paragraph 19, TV Net will: (i) immediately refrain from doing any further business, lawful or unlawful, with each and every person or entity that is involved in or otherwise responsible for supplying the television and video equipment, service, channel, and content that TV Net is offering or providing at the time TV Net breaches this Agreement or violates the Agreed Permanent Injunction; and (ii) permanently refrain from engaging in any business related to the advertising, broadcasting, distributing, performing, or providing of video services or content.

5. <u>Releases</u>.

   (a). <u>Release by DISH</u>. DISH hereby releases, now and forever, TV Net and each of its past, present, and future successors in interest, assigns, parents, subsidiaries, affiliates, joint venturers, members, officers, directors, stockholders, attorneys, insurers, and underwriters from all claims, causes of actions, liabilities, or damages ("Claims") arising out of or relating to any act or event concerning the IPTV or WebTV products or services offered by TV Net that occurred on or before the Effective Date. Excluded from this release are Global Satellit IP TV Scandinavian AB and Basem Halabi. DISH retains all Claims that it may have against Global Satellit IP TV Scandinavian AB and Basem Halabi.

   (b). <u>Release by TV Net</u>. TV Net hereby releases, now and forever, DISH and each of its past, present, and future successors in interest, assigns, parents, subsidiaries, affiliates, joint venturers, members, officers, directors, stockholders, investigators, attorneys, insurers, and underwriters from all Claims arising out of or relating to any act or event that occurred on or before the Effective Date.

6. <u>Reservation of Rights</u>. Nothing in this Agreement is intended to be or will be construed as a release, waiver, or discharge of: (i) any Claim against TV Net that arises out of or relates to this Agreement or the Agreed Permanent Injunction; (ii) DISH's right to file, record, and otherwise enforce the amounts due under paragraph 2(c); (iii) DISH's right to pursue any Claim against TV Net for conduct that occurred after this Agreement is entered; (iv) DISH's right to pursue any Claim against Global Satellit IP TV Scandinavian AB, Basem Halabi, or any other person or entity not a party to this Agreement; or (v) DISH's right to commence any proceeding expressly permitted by this Agreement.

3

7. <u>Cooperation</u>. For a period of two (2) years from the Effective Date, TV Net will fully cooperate with and provide assistance that is requested by DISH in connection with any investigation or legal proceeding that pertains to video piracy (the "Cooperation Subject Matter"), including the following:

(a). TV Net will be debriefed relating to the Cooperation Subject Matter at dates, times, and locations in the United States to be coordinated and mutually agreed upon by the Parties;

(b). TV Net will provide all available information, and produce all documents and other materials relating to the Cooperation Subject Matter, wherever located, that are in its possession, custody, or control;

(c). TV Net will make reasonable efforts to obtain information, documents, and other materials relating to the Cooperation Subject Matter from third parties with whom it had previous contact;

(d). TV Net will testify in writing under oath in declarations or affidavits relating to the Cooperation Subject Matter; and

(e). TV Net will testify orally under oath at deposition, hearing, trial, or in any other legal proceeding relating to the Cooperation Subject Matter.

TV Net will not file any pleading in this Litigation or otherwise participate in any way in this Litigation unless requested by DISH pursuant to the cooperation provisions in this paragraph or unless otherwise required by law.

8. <u>Customer Notice</u>. Within five (5) days of the Effective Date, TV Net will make a public announcement that is prominently displayed for everyone to see on the main page of its website *www.tvnetsolutions.com*, and in the upper most part of its Facebook page which is located at *www.facebook.com/arabictvusa*. The announcement will specifically list the channels that have been removed from the IPTV and WebTV services and state that such channels have been removed in accordance with a settlement that TV Net entered into with DISH. The announcement will be displayed for a period of at least four (4) months and state that customers interested in continuing to receive the channels may obtain them directly from DISH, including through its DishWorld service available at *www.dishworld.com* on Roku, iPhone, iPad, Android, Samsung TV, Blu-Ray, Mac, and PC.

In addition, TV Net will update the announcement on its website and Facebook page to identify any channel or content that is removed after the Effective Date in accordance with the notice and takedown procedures of paragraph 3. The update to the announcement will be made within five (5) days of the removal of the channel or content, and will be displayed for a period of at least four (4) months. The announcement will state that the channel or content was removed at the request of the Claimant providing notice under paragraph 3. The announcement will also state on which services or platforms the channel or content removed is available, if requested by Claimant in the

4

notice provided to TV Net under paragraph 3. For the avoidance of doubt, TV Net is required to provide updated announcements under this paragraph even if the original announcement has been removed due to the expiration of the agreed-upon four (4) month initial term.

9.     Confidentiality. TV Net agrees to keep confidential and not disclose the existence or content of this Agreement, any terms of settlement including the monetary payment, or any of the negotiations and discussions that preceded its making, except as follows: (i) as is necessary to effectuate a term or provision of the settlement including any subsequent action to enforce the settlement, except that TV Net will take all reasonable steps to maintain the confidentiality of this information including filing documents under seal and seeking entry of appropriate protective orders; (ii) to accountants or lawyers for TV Net; or (iii) as otherwise required by law.

10.     Non-Disparagement. TV Net agrees to take no action which is intended, or would reasonably be expected, to harm DISH or any of their parents, affiliates, subsidiaries, officers, directors, employees, agents or representatives, or their reputations, or which would reasonably be expected to lead to unwanted or unfavorable publicity to any of the foregoing individuals or entities. TV Net further agrees not to make, or cause to be made directly or indirectly, any disparaging remarks, comments, or statements, whether in person, in print, or online, concerning any of the foregoing individuals or entities. For purposes of this provision, "disparaging remarks, comments, or statements" are those that impugn the character, honesty, integrity, morality or business acumen or abilities in connection with any aspect of the operation of business of the foregoing individuals or entities. Notwithstanding, nothing in this paragraph 10 will prohibit TV Net from making any statement or disclosure required under the federal securities law or other applicable laws, provided, however, that TV Net must provide written notice to DISH at least seven (7) days prior to making any such statement or disclosure required under any such law that would otherwise be prohibited by this paragraph.

11.     Press Releases. The Parties agree that DISH may issue one or more press releases or other public statements related to the Litigation or this Agreement, including the monetary amount of the settlement, in its sole discretion.

12.     Additional Representations and Warranties.

   (a).     Each Party represents and warrants that it is the sole and lawful owner of all claims and rights released in this Agreement, and that it has not heretofore assigned or transferred any such claims or rights to any person, corporation, or other entity.

   (b).     Each Party represents and warrants that the individual signing this Agreement on its behalf is duly authorized to sign this Agreement on behalf of such person or entity.

13.     Enforcement. In any suit to enforce this Agreement, the prevailing party will be entitled to its reasonable attorney's fees, costs and expenses.

5

14. <u>Entire Agreement</u>. This Agreement sets forth the entire understanding of the Parties with respect to the matters addressed herein and supersedes all prior or contemporaneous understandings, representations, or agreements.

15. <u>Amendments</u>. This Agreement cannot be amended except by a written instrument duly executed by each Party to be bound by such amendment.

16. <u>Counterparts</u>. This Agreement may exist in one or more counterparts, and each copy of the Agreement that has a signature on it will be deemed an "original." Facsimile and electronic signatures have the same force and effect as original ink signatures.

17. <u>No Waiver</u>. No failure or delay by either Party in exercising any right, power or privilege under this Agreement will operate as a waiver thereof, nor will any single or partial exercise of any right, power, or privilege under this Agreement preclude any other or further exercise thereof.

18. <u>Severability</u>. If any provision of this Agreement is held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, which shall continue in full force and effect without being impaired or invalidated in any way, and, such invalid, illegal or unenforceable provision shall be restated by a court of competent jurisdiction to reflect as nearly as possible the original intentions of the Parties in accordance with applicable law.

19. <u>Notices</u>. All notices or requests required or permitted to be given pursuant to this Agreement will be given in writing and will be sent by facsimile transmission; first-class certified mail, postage prepaid; or by overnight courier service, charges prepaid, to the Party to be notified, addressed to such Party at the address or fax number set forth below, or such other address or fax number as such Party may have substituted by written notice (given in accordance with this paragraph) to the other Party. The sending of such notice with confirmation of receipt of the complete transmission (in the case of facsimile transmission) or receipt of such notice (in the case of delivery by first-class certified mail or by overnight courier service) will constitute the giving thereof.

**If to be given to TV Net Solutions, LLC or Mohammad Mustafa:**
Attn: Mohammad Mustafa

*If by overnight courier service:*
3491 West Vine Street
Kissimmee, Florida 34741

*Alternatively by overnight courier:*
c/o Zimmer, Kiser & Sutcliffe, P.A.
Attn.: Kevin P. Robinson, Esq.
315 East Robinson Street, Ste. 600
Orlando, Florida 32801

**If to be given to DISH Network L.L.C.:**
Attn: General Counsel

*If by overnight courier service:*
9601 South Meridian Blvd.
Englewood, Colorado 80112

6

| | |
|---|---|
| *If by first-class certified mail:*<br>3491 West Vine Street<br>Kissimmee, Florida 34741 | *If by first-class certified mail:*<br>P.O. Box. 6663<br>Englewood, Colorado 80155 |
| *Alternatively by first-class certified mail:*<br>c/o Zimmer, Kiser & Sutcliffe, P.A.<br>Attn.: Kevin P. Robinson, Esq.<br>315 East Robinson Street, Ste. 600<br>Orlando, Florida 32801 | |
| *If by facsimile:*<br>Fax #: 407.425.2747 | *If by facsimile:*<br>Fax #: 303.723.2050 |
| *With copy to:*<br>Zimmer, Kiser & Sutcliffe, P.A.<br>Attn.: Kevin P. Robinson, Esq.<br>315 East Robinson Street, Ste. 600<br>Orlando, Florida 32801<br>Telephone: 407.425.7010<br>Fax: 407.425.2747 | *With copy to:*<br>Hagan Noll & Boyle LLC<br>Attn.: Joseph H. Boyle, Esq.<br>820 Gessner, Suite 940<br>Houston, Texas 77024<br>Telephone: 713.343.0478<br>Fax: 713.758.0146 |

IN WITNESS WHEREOF, the Parties have executed this Agreement by their duly authorized representatives as of the day and year first above written.

**TV Net Solutions, LLC**

By: *[signature]*

Mohammad Mustafa
Chief Executive Officer

**Mohammad Mustafa**

By: *[signature]*

Mohammad Mustafa
In His Individual Capacity

7

**DISH Network L.L.C.**

By: _____
Brett Kitei
Senior Corporate Counsel & Director

8

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 19, 2016, I electronically filed the foregoing with the Clerk of the Court. I further certify that I mailed both the foregoing document and the notice of electronic filing, and a copy of the un-redacted version, by certified mail to the following non-CM/ECF participant:

TV Net Solutions, LLC and Mohammad Mustafa
4939 Dunmore Lane
Kissimmee, FL 34746

               By: /s/ Christopher P. Craven
               Christopher P. Craven (*pro hac vice*)
               christopher.craven@hnbllc.com
               **HAGAN NOLL & BOYLE LLC**
               Two Memorial City Plaza
               820 Gessner, Suite 940
               Houston, Texas 77024
               Telephone: (713) 343-0478
               Facsimile: (713) 758-0146

               Attorney for Plaintiff DISH Network L.L.C.