# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DISH NETWORK L.L.C.,**

      **Plaintiff,**

**v.**                                               **Case No:   6:15-cv-1707-Orl-41KRS**

**TV NET SOLUTIONS, LLC and**
**MOHAMMAD MUSTAFA,**

      **Defendants.**

## SUPPLEMENTAL BRIEFING ORDER

On December 23, 2015, I issued an Amended Order to Show Cause, requiring Plaintiff to establish that the Court could exercise diversity jurisdiction over this case. Doc. No. 24. Based on the evidence submitted in Plaintiff's response, it appears that Plaintiff is a citizen of Colorado and that Defendant Mohammad Mustafa ("Mustafa") is a citizen of Florida. However, the evidentiary submissions remain insufficient with respect to Defendant TV Net Solutions, LLC ("TV Net").

Plaintiff asserts that Mustafa is the sole member of TV Net. Doc. No. 26, at 2. Its evidentiary submissions, however, do not establish that fact. First, Plaintiff points to an interrogatory response that TV Net provided in another case. Doc. No. 26-3, at 16. The interrogatory asked that Plaintiff identify "all persons" who "have worked for or held an ownership interest in TV Net." *Id.* The response, however, does not specifically identify as a member any individual who was alive at the time this case was filed.[1]  *See Holston Invs., Inc. B.V.I. v.*

---

[1] Although other documents establish that Mustafa is a member, the interrogatory response only identified him as "Officer." Doc. No. 26-3, at 16.

*LanLogistics, Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) (per curiam) ("Diversity jurisdiction is determined at the time the complaint was filed."). Moreover, it sought only information concerning "persons" and, therefore, offers no indication as to whether TV Net has members that are entities, such as limited liability companies, corporations, or partnerships.

Plaintiff also provided TV Net's Articles of Incorporation, an entity description from the Florida Secretary of State, a reinstatement form from the Secretary of State, and an affidavit from Mustafa. *Id.* at 2–3, 5, 12–14, 33–34. The Articles of Incorporation, which include a section for "managing members/managers," establish that Mustafa is a managing member. *Id.* at 34. The entity description, reinstatement form, and affidavit similarly show that Mustafa is a managing member. *Id.* at 2, 5, 12. However, for a court to find that it may exercise diversity jurisdiction, it "needs information regarding the citizenship of all the members of a limited liability company, not just the managing members." *Venture Invs. Props., LLC v. Scottsdale Ins. Co.*, No. 3:14-cv-1536-J-34PDB, 2015 U.S. Dist. LEXIS 6716, at *3 (M.D. Fla. Jan. 21, 2015) (emphasis added); *Cherry Grp., LLC v. D.B. Zwirn Special Opportunities Fund, L.P.*, No. 3:08-cv-222-J-34TEM, 2014 U.S. Dist. LEXIS 83633, at *5 (M.D. Fla. June 19, 2014); *accord Duke Energy Corp. v. GreenPointe Holdings, LLC*, No. 8:14-cv-3163-T-33TBM, 2015 U.S. Dist. LEXIS 27044, at *6–7 (M.D. Fla. Mar. 5, 2015) (holding that diversity was not established when the plaintiff did not establish whether the managing members of entities were the sole members of those entities). These documents provide no indication as to whether TV Net has other *non-managing* members. Accordingly, the documents are inadequate to establish that complete diversity exists.

The significance of this failing is highlighted by Mustafa's March 2013 interrogatory response, which Plaintiff supplied to the Court. In that response, Mustafa stated that his

"percentage of ownership" in TV Net is "90%," suggesting that he may, in fact, not be TV Net's only member.[2]  Doc. No. 26-3, at 7–8.

Because Plaintiff has not yet established the citizenship of TV Net, it is **ORDERED** that, on or before February 3, 2016, Plaintiff shall file a supplemental brief addressing why the case should not be dismissed for lack of subject matter jurisdiction.  To the extent that Plaintiff wishes to rely on additional facts, the response must be supported by evidence, which should be in the form of an affidavit or declaration under penalty of perjury.  *See, e.g.*, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2011) (allowing defective allegations regarding citizenship to be cured through record evidence).  Alternatively, Plaintiff may file an amended complaint that adequately pleads facts supporting federal subject matter jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida on January 19, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2] The evidence submitted indicates that Omar Raheem, who Plaintiff contends was previously a member of TV Net, passed away in 2012, which was before the above interrogatory response was given.  *See* Doc. No. 26-3, at 16.